UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY JOHNSON,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) Case No. 22-1059<br>) |
| J. B. PRITZKER, et. al.,<br>    Defendants | )<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has filed a 527-page complaint with exhibits against Defendants Governor J. B. Pritzker, Illinois Department of Corrections (IDOC) Director Rob Jeffreys, and Pontiac Correctional Center Wardens Teri Kennedy, Emily Ruskin, Leonta Jackson, Cox, John R. Burle Mindi Nurse, and T. Joiyner.

Plaintiff says on March 11, 2019, he plead guilty to "a term of 45 years in the Illinois Department of Corrections at 100 percent with 3 years of Mandatory Supervised Release." (Comp., p. 9). Nonetheless, Plaintiff says he sent letters to the Governor

"explaining to him that I was locked up in prison unlawfully" because his "sentencing contract" … "did not say I had to do any prison time at all." (Comp, p. 9).

Plaintiff's remaining claims include allegations that "[b]ecause Governor J.B. Pritzker refuse to do anything about me being locked up in prison unlawfully, I have been subjected to unreasonably strip searches and held in captivity by him and his agents." (Comp, p. 10).   In addition, because the Governor refused to take action, Plaintiff's constitutional rights and human rights have been violated. Plaintiff provides no factual basis for his allegations.[1]

Plaintiff also says he sent letters to IDOC Director Jeffreys, and Wardens Kennedy, Ruskin, Jackson, Cox, Burle, Nurse, and Joiyner with these same complaints, but they failed to take any action.

Plaintiff then attaches 511 pages of exhibits including Plaintiff's grievance which claims at the bottom of his sentencing order, "where it says how my time should be served is blank." (Comp., p. 17).  Therefore, Plaintiff reasons IDOC "took it upon themselves to impose a sentencing order on me." (Comp, p. 17). In response, a grievance officer confirmed Plaintiff's current IDOC sentence with the Records Office. (Comp., p. 16).

Plaintiff has also attached a Vermillion County document entitled "Judgement-Sentence to the Illinois Department of Corrections" which is signed by the presiding Judge and clearly states Plaintiff is sentenced to 45 years for First Degree Murder.

---

[1] Plaintiff has attached hundreds of pages of grievances and disciplinary reports to his complaint, but this is insufficient to provide a specific factual basis for his claims. *See* Fed.R.Civ.P. 8.

(Comp, p. 26). In addition, Plaintiff has included a copy of the transcript from his sentencing hearing in which the Judge reviews Plaintiff's sentence and confirms he understands his plea agreement which calls for "45 years in the Illinois Department of Corrections." (Comp., p. 35).

Based on the record before the Court, Plaintiff's claim is clearly frivolous and fails to state a claim upon which relief can be granted. Plaintiff agreed to his current IDOC sentence and cannot reasonably argue he did not believe he was sentenced to IDOC as part of his plea agreement for the offense of murder. In addition, the named Defendants are not personally involved in his claims simply because Plaintiff chose to launch a letter writing campaign to various supervisors. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed as frivolous and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 20th day of April, 2022.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE